HARALSON & GOWDY, for plaintiff in error.
C. D. HILL, solicitor-general, *contra.*

---

## JACKSON *v.* THE STATE.

1. Where an employee of a corporation enters its service and performs labor for it in a business which it conducts under a name other than its corporate name upon certain premises, and he commits a larceny from the house in which such business is conducted and in which his services are performed, on being indicted for the larceny, the ownership of the house may be laid in the name which the corporation has assumed and he has recognized, and proof of such ownership will uphold the indictment in that particular. Regina *v.* Atkinson, 2 Moody, *278, *283.

2. The evidence warranted the verdict, and there was no error in denying a new trial.          *Judgment affirmed.*

October 9, 1893.

Indictment for burglary. Before Judge Richard H. Clark. Fulton superior court. March term, 1893.

Jackson was charged with committing a burglary on the place of business of the Commercial Oil Company, and stealing therefrom money, etc. He was found guilty of larceny from the house. He moved, on the general grounds, for a new trial; and the motion was denied. The theft of the property was proved, and a witness testified that it was the property of the Commercial Oil Company, which is a branch of the Peerless Refining Company of Cleveland, Ohio, a corporation; while the Commercial Oil Company is not incorporated, has no president but has a general manager. In another part of his testimony the witness states that it was the property of "the firm," and was in charge of the manager. The defendant was a watchman for the Commercial Oil Company's premises, and had keys which gave him access to the building. There was testimony tending to show a confession by him of the larceny, corroborated by the finding of some of the property at or near the spot where he said it was to be found.

Haralson & Gowdy, for plaintiff in error.
C. D. Hill, solicitor-general, *contra.*