KEHOE *v.* HANLEY.

95 321
111 17

95 321
113 639

95 321
125 99

1. Where evidence alleged to be illegal was admitted without objection, and thereupon opposing counsel, in effect, stated to the court in general terms that he objected to all such evidence, but made no motion to rule out the evidence already in, and no more such evidence was offered or admitted, it is not cause for a new trial that the court "overruled" the general objection made in the manner above stated, even if the evidence referred to was in fact illegal.
2. A ground of a motion for a new trial which merely alleges that the court erred in leaving to the jury the construction of a designated portion of a written contract in evidence, does not plainly and distinctly specify the error complained of. The language of the court "in leaving to the jury" the matter in question should be pointed out.
3. The charge requested was substantially covered in the general charge given to the jury; the evidence warranted the verdict, and there was no error in refusing a new trial.
January 28, 1895.

Garnishment. Before Judge MacDonell. City court of Savannah. November term, 1893.

O'Connor & O'Byrne, for plaintiff in error.
Garrard, Meldrim & Newman, *contra.*

LUMPKIN, Justice.

1. A witness on the stand was asked, and answered, several questions with reference to the authority of an architect to bind the owner of a building which was being constructed. No objection was made by the opposite party, either to these questions or answers; but when the examination had reached a certain point, his counsel stated generally to the court: "We object to all questions tending to elicit from the witness answers as to the authority of the architect generally, as we have a definite contract in this case, and testimony of this kind cannot bind our client." According to the recital in the motion for a new trial, "the objection was overruled"; but the court certifies that no motion was made to rule out or exclude any of the answers which had

already been admitted, and that subsequently no more questions of this kind were asked. The "objection" above quoted was certainly not equivalent to a motion to rule out the testimony already in, and could only relate to testimony of the same kind yet to be introduced; and as no more such testimony was offered or admitted, we find nothing in the court's action affording any just cause of complaint.

2. It was alleged that the court erred "in leaving to the jury" the construction of a particular clause in a written contract which had been introduced in evidence. This clause was sufficiently described in that ground of the motion for a new trial in which this assignment of error was made, but, unfortunately, the motion fails to state how, or in what manner, the court *left to the jury* the matter in question. It is therefore impossible for this court to say whether error was committed or not. Undoubtedly the judge ought not to leave to the construction of the jury any portion of a plain and unambiguous written contract. This is a well settled rule, but we are unable to say whether it was violated or not, because we have not before us the language used by the trial judge in this connection, and therefore cannot determine whether the same would have the effect contended for by counsel, or not.

3. Another ground of the motion for a new trial was based upon the refusal of the court to give in charge to the jury a certain written request. The request was pertinent and legal, but as the substance of it was fully covered by the general charge of the court, its refusal is not cause for reversal. The evidence was decidedly conflicting, but there was enough in support of the verdict to sustain it. On the whole, we see no legal reason for granting a new trial.         *Judgment affirmed.*