### WYNNE, guardian, v. HARRELL, executor.

HOLDEN, J. 1. The evidence shows that the testator made no provision in his will for the caveators (who were the children of his deceased daughter), because of a dislike for their father and a belief that he would obtain and use for his own benefit any property that might be bequeathed to such children, which belief and dislike were based on the conduct of the father. The evidence was insufficient to authorize the court to charge the jury in reference to the testator being afflicted with a delusion or monomania as to "the character, habits, and conduct of the said J. N. Wynne [the father] in regard to him the said Hezekiah Harrell [the testator] and such conduct generally;" and the evidence, and the additional testimony that the father was not a disagreeable man and was a reasonable man in his business relations, offered by the caveator for the purpose of showing such monomania or insane delusion and excluded by the court, would have likewise been insufficient to authorize such charge.

2. There was no evidence that the will was executed "under a mistake of fact as to the existence or conduct of" the grandchildren of the testator; and the court therefore committed no error in failing to charge the provisions of section 3262 of the Civil Code.

3. It is not cause for a new trial that the court charged the jury as follows: "I charge you further, upon that request, whether Harrell was wise or unwise, if you believe from the evidence in this case that he was not totally deprived of reason, then on his capacity to dispose of his property you would be authorized to find that he was capacitated if there was not a total deprivation of reason so as to render him mentally unfit and incapacitated to make such a disposition of his property as to know what he was doing," it appearing that the court charged the jury sections 3267 and 3268 of the Civil Code, and in addition thereto charged them as follows: "If you find that he had intellect sufficient to constitute testamentary capacity ( testamentary means to make a will; a testament is a will), if you find that he had the amount of intellect to constitute testamentary capacity, that is which is necessary to enable a party to have a rational desire as to the disposition of his property, his desire must be decided, in distinction from the ravings of a madman, the silly pratings of an idiot, the childish whims of imbecility, or the excited vagaries of a drunkard, as I before charged you. . . If you find that he had mental ability enough to know that he owned his property, that it was his property and he had a decided opinion as to what disposition he wished to make of it and did make that disposition of it, then you would be authorized to find, if you believed that it measured up to all these rules, that he had testamentary capacity." *Slaughter* v. *Heath*, 127 *Ga.* 747 (57 S. E. 69).

4. The entire charge was not subject to the objection that it was "argumentative and showed the leaning of the mind of the court, or an intimation of what the court thought had been proven;" nor were the excerpts therefrom contained in one of the grounds of the motion for a new trial, in view of the entire charge, subject to such objection.

5. The evidence was sufficient to authorize the verdict, and the court did not abuse its discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted May 8,—Decided December 23, 1909.

Probate of will.   Before Judge Martin.   Pulaski superior court. October 7, 1908.

*L. A. Whipple,* for plaintiff in error.

*H. F. Lawson, Marion Turner,* and *J. D. McKenzie,* contra.