### MITCHELL v. THE STATE.

GILBERT, J.   1. The court did not err in overruling the demurrer to the indictment.

2. One ground of the motion for a new trial assigns error on the admission, over timely objection, of the following evidence: "I suppose Dr. Mitchell has paid my company around $50. We declined to pay this. We paid Dr. Mitchell $500 when he lost his first wife." This testimony was objected to by the defendant's counsel upon the ground that the evidence in regard to insurance on his former wife, who is now dead, was not admissible and could not in any way shed any light upon this homicide. Evidence had already been admitted tending to show that the accused was the beneficiary of insurance policies taken out on the life of his nephew, the deceased, Henry Sam Mitchell; and this was urged as a motive for the defendant to commit the crime. The evidence objected to in this ground of the motion, to the effect that the insurance company had paid the accused five hundred dollars when he lost his first wife, was irrelevant and prejudicial, and the error requires the grant of a new trial.

3. Other grounds of the motion for a new trial were not unqualifiedly approved by the trial judge; therefore no ruling upon them will be made.

4. Another ground of the motion for a new trial is based upon alleged newly discovered evidence. As the case is, for the reasons stated in the second headnote, to be remanded for a new trial, it is unnecessary to rule upon this ground.

5. Several grounds of the motion complain of the admission of documentary evidence, such as life-insurance policies, the applications therefor, and the like, the objection being that they were hearsay, irrelevant, and inadmissible, that such documentary evidence tended to charge the defendant with an independent crime other than that for which he was being tried, and that the execution of the documents had not been proved. These documents were admissible for the purpose of showing motive; and therefore the court did not err, as against the objections raised, in admitting the same.

6. Other grounds of the motion for a new trial complain of the admission of policies of insurance on the life of the deceased, Henry Sam Mitchell, the ground of objection being that the policies were payable, one to Ella Mitchell, and one to Marie Mitchell. It appears from the evidence that these two designated beneficiaries were relatives of the deceased and of the accused; and the evidence was not inadmissible for any of the reasons assigned.

7. Other grounds of the motion for a new trial are incomplete, or too indefinite to raise any question to be decided by this court.

8. The grounds of the motion assigning error on excerpts from the charge of the court are not meritorious; all of which have been settled by previous decisions of this court.

9. Where counsel objects to the admission of evidence, and the court neither finally admits nor rejects the same, but states to counsel, "Unless the defendant is in some way connected with it I will rule it out,

but I will not rule it out now," it is the duty of objecting counsel to renew his objection or move to rule the testimony out; otherwise it will be presumed that the objection is waived.

10. It was not error to exclude the sayings of a person who had not at the time testified as a witness in the case, the object of the testimony being to lay the foundation to impeach the witness. The legal method of laying the foundation for such impeachment is to first interrogate the person whose impeachment is sought, when he is sworn and placed on the stand as a witness; and therefore the court properly excluded sayings which at the time amounted only to hearsay evidence.

11. One ground of the motion for a new trial complains that the court admitted, over timely objection, the following testimony of a witness for the State: "My business is operative of the United States Secret Service. I am familiar with the rules and regulations of the Treasury Department in Washington in reference to keeping of file of certain papers. It is required by the Bureau of War Risks that all applications for insurance and the change of beneficiary, and affidavits in support of the insurance claim, that the original of those papers be kept and filed in the City of Washington in the United States Treasury Department; of course persons who are interested can go and see the originals, but they won't allow the original papers to go out of the office." This evidence is not shown to be harmful to the accused; and as it was not as a whole subject to the objection that it was hearsay, this ground of the motion does not show cause for a new trial.

12. One ground of the motion complains that the court refused to declare a mistrial, on motion of defendant's counsel, because of the language used by the solicitor-general in his concluding argument to the jury, movant alleging that "the solicitor-general was arguing to the jury that the non-enforcement of the law would make human life as cheap here as in the jungles of Africa." The refusal to declare a mistrial because of the use of this language was not error.

13. The grounds of the motion for a new trial not mentioned above do not show cause for the grant of a new trial.

*Judgment reversed. All the Justices concur.*

No. 2779. DECEMBER 14, 1921.

Indictment for murder. Before Judge Mathews. Bibb superior court. July 23, 1921.

Dr. M. C. Mitchell, a negro practitioner of medicine, was convicted of the murder of his nephew, Henry S. Mitchell, and given a sentence of life imprisonment. The indictment charges that Dr. Mitchell prepared and administered and caused to be administered internally to Henry S. Mitchell arsenic or other poisons of like character, which produced death. The indictment was demurred to upon the grounds, that it does not charge any offense; does not charge the time and place when the poison was alleged to have been administered; does not charge that the "other

poisons of like character" were deadly and likely to produce death, or that the defendant administered these other poisons with intent to kill unlawfully and with malice aforethought; does not set out any amount of poison as having been administered, and does not with sufficient clearness allege the manner in which the poison was administered. Error is assigned on exception taken pendente lite to the overruling of this demurrer. Error is also assigned upon the overruling of a motion for new trial.

The contention of the State was that the defendant had administered the poison which produced the death of Henry S. Mitchell, in order that he might realize some twenty-odd thousand dollars of insurance carried upon the life of Henry S. Mitchell, the policies covering which were payable to Dr. Mitchell or to some member of his family. The evidence introduced by the State tended to show: that after the discharge of Henry S. Mitchell from the army he lived for some time the life of a vagrant in and around Montezuma, where the defendant was engaged in the practice of medicine and the conduct of a drug-store; that during this time an examination by a physician revealed the fact that the deceased had syphilis in an advanced stage; that the beneficiary in a certificate of insurance carried by the deceased with the Bureau of War Risks was changed, and the same was made payable to the defendant; that with knowledge of the condition of the deceased the defendant procured the issuance of a number of insurance policies upon the life of the deceased, payable to himself or to members of his family; that in some instances the reports of the medical examination, purporting to have been filled in and signed by a physician formerly engaged with the defendant as a partner in the practice of medicine, were forgeries; that these forgeries were committed by the defendant; that premiums upon the policies were paid by the defendant, and, while remittances covering the claims under the policies were made payable to the beneficiaries named in the policies, the proceeds were collected by the defendant; and that the defendant had made an unsuccessful attempt to burn the deceased to death, and, having failed in that, resorted to the use of poison. In his statement the defendant explained that he had raised the deceased and cared for him as if he had been his own child; that the members of his family " had a lot of insurance;" that during the time

the deceased was in the army he had three or four policies payable to his grandmother, the mother of the defendant; that the premiums on these policies were paid by the defendant and his mother; that defendant knew nothing of the taking of the certificate of war-risk insurance; that the change in beneficiary in that certificate was made voluntarily by the deceased, because of the ill health of defendant's mother, the original beneficiary; that the clothing of the deceased accidentally caught on fire, and the defendant extinguished the flames. The defendant claimed that the death was caused by the burning or the inhalation of flames. The evidence discloses that the burning occurred on December 27, 1919, and that death followed on December 31, 1919. The body was embalmed, and, after having been buried for approximately a year, was exhumed. Experts who removed and examined the viscera testified that they contained traces of arsenic, showing that the deceased had taken a sufficient amount of the poison to have produced death; and that there were practically no evidences of injury from burning. A negro physician, who was called to attend the deceased immediately after the burning, testified that the injuries were only slight. A physician who treated the deceased for syphilis testified that quite a while before the death of the deceased he had administered through the veins one dose only of " 606." There was expert evidence to the effect that this remedy is a preparation of arsenic; that the doses are ordinarily given about one week apart, in order to allow for the elimination of the dose from the system; that one dose would in no event contain sufficient of the poison to produce death; and that only a very small amount, if any at all, would find its way into the alimentary canal.

*John R. Cooper, W. O. Cooper Jr.,* and *W. A. McClellan,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *Martin & Martin,* contra.