## May et al. v. May.

ATKINSON, J. On December 28, 1925, a man, having his third wife and five adult children by his first marriage, executed a paper as a will. On January 4, 1928, the testator had a stroke of paralysis; and on January 28, 1928, he executed a codicil to his will. He died on June 2, 1928. His widow propounded the will for probate in solemn form. Two of the children filed a caveat on the grounds (1) of testamentary incapacity of the testator at the time of executing the codicil, and (2) practice of undue influence by the wife over the testator, causing him to execute the codicil. At the first appearance in the superior court on appeal from the judgment in the court of ordinary admitting the will to probate, the jury being unable to agree upon a verdict, a mistrial was declared. At the second trial a verdict for the caveators was set aside by sustaining the propounder's motion for a new trial. At the third trial the judge directed a verdict for the propounder. The judge overruled the caveators' motion for a new trial, based on the general grounds and complaining of the rejection of certain testimony, and of the direction of the verdict upon issues of fact presented by the pleadings and evidence. The exception is to this judgment. *Held:*

1. On the issue of devisavit vel non raised by charges of testamentary incapacity, and undue influence, evidence is admissible which tends to show reasonableness or unreasonableness of·the testamentary scheme. *Oxford* v. *Oxford*, 136 *Ga.* 589 (71·S. E. 883). Evidence in behalf of the caveators, that at the time of her marriage with the testator the propounder had three named children, was not of such materiality as would render its rejection cause for a reversal.

2. "A person has testamentary capacity ·who understands the nature of a testament or will, viz., that it is a disposition of property to take effect after death, and who is capable of remembering generally the property subject to disposition and the persons related to him by the ties of blood and of affection, and also of conceiving and expressing by words, written or spoken, or by signs, or by both, any intelligible scheme of disposition. If the testator has sufficient intellect to enable him to have a decided and rational desire as to the disposition of his property, this will suffice." *Slaughter* v. *Heath*, 127 *Ga.* 747 (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Wynne* v. *Harrell*, 133 *Ga.* 616 (66 S. E. 921); *McFarland* v. *Morrison*, 144 *Ga.* 63 (2) (86 S. E. 227); *Davis* v. *Frederick*, 155 *Ga.* 809 (2) (118 S. E. 206).

3. "A non-expert witness can state all the facts he knows in relation to the testator, bearing on the state of his mind and the nature of his acts, and may give his opinion, based on such facts, as to the condition of the testator's mind." *Slaughter* v. *Heath*, supra; *Dyar* v. *Dyar*, 161 *Ga.* 615 (131 S. E. 535); *Merritt* v. *Wallace*, 173 *Ga.* 435 (160 S. E. 610); *McWilliam* v. *Pattillo*, 173 *Ga.* 771 (10) (161 S. E. 597).

4. "Upon the trial of an issue arising upon the propounding of a will and a caveat thereto, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by showing the factum of the will, and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily. When this is done, the burden of proof

shifts to the caveator." *Slaughter* v. *Heath*, supra; *Cooper* v. *Shannon*, 165 *Ga.* 451 (4) (141 S. E. 306).

5. In the instant case the evidence for the caveators, upon the question of incapacity, though almost entirely testimony of opinions based on facts stated by non-expert witnesses as to observations and conduct of the testator shortly before and after execution of the codicil, but in no instance at the time it was signed, was sufficient, when considering the nature of his condition brought on by paralysis occurring a short time before execution of the paper, to carry the case to the jury. Civil Code, § 5926. On its facts the case is more similar to those involved in *Credille* v. *Credille*, 131 *Ga.* 40 (61 S. E. 1042), where the verdict setting aside the will was sustained, and falls within the principle ruled in that case, than to the cases of *Walters* v. *Walters*, 151 *Ga.* 527 (107 S. E. 492); *Mason* v. *Taylor*, 162 *Ga.* 149 (132 S. E. 893); *Cook* v. *Washington*, 166 *Ga.* 329 (143 S. E. 409), where direction of the verdict was sustained.

6. Under the pleadings and the evidence the judge erred in directing the verdict for the propounder. GILBERT, J., dissents.

7. As the judgment will be reversed for the reasons above stated and a new trial will probably result, at which the evidence may not be the same, no ruling will be made on the assignments of error based on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*

No. 8715. SEPTEMBER 14, 1932.

*John Camp Davis* and *Wright & Covington,* for plaintiffs in error.

*Maddox, Matthews & Owens,* contra.