FLUKER *v.* THE STATE.

JENKINS, Justice. 1. The evidence was sufficient to authorize the verdict of murder.

2. The court did not err in refusing a new trial on the ground of newly discovered evidence tending to establish an alibi, since the supporting affidavits of the defendant and his counsel not only failed to show an exercise of proper diligence in discovering such evidence before the trial, but failed to show a lack of prior knowledge of such evidence, which the statement of the defendant to the jury showed that he in fact must have had.

3. Other alleged newly discovered evidence was merely impeaching in character, and was rebutted by counter-affidavits for the State.

4. Evidence as to an offense other than that charged against a defendant is not admissible, unless it falls within one of the recognized exceptions. See *Frank* v. *State*, 141 *Ga.* 243 (2-a, c), 256-267 (80 S. E. 1016); *Cooper* v. *State*, 182 *Ga.* 42 (3), 51 (184 S. E. 716, 104 A. L. R. 1309); *Wilson* v. *State*, 173 *Ga.* 275 (2), 284 (160 S. E. 319); *Williams* v. *State*, 152 *Ga.* 498, 521 (110 S. E. 286); *Randall* v. *State*, 176 *Ga.* 897 (169 S. E. 103). Accordingly, where, as in this case, the evidence relating to the homicide shows nothing to indicate robbery as the motive, but on the contrary the evidence for the State tends to disclose a different motive, testimony as to the commission of two robberies by the defendant, some five months after the homicide and in no way connected therewith either directly or by showing a common design, scheme, plan, or purpose in the commission of the homicide and the robberies, is inadmissible. Where, however, such testimony was, as here, admitted without objection, a subsequent mere objection thereto was "not equivalent to a motion to rule out the testimony already in" (*Kehoe* v. *Hanley*, 95 *Ga.* 321, 322, 22 S. E. 539); and in the absence of any prompt and specific objection before its admission or motion thereafter to rule it out, an exception based on the mere subsequent objection is without merit. *Haiman* v. *Moses*, 39 *Ga.* 708 (2, 3) 712; *Bond* v. *Baldwin*, 9 *Ga.* 9 (2) 14; *Brown* v. *Oattis*, 55 *Ga.* 416 (2) 417; *Blount* v. *Beall*, 95 *Ga.* 182 (4) 188 (22 S. E. 52); *Anderson* v. *Suggs*, 42 *Ga.* 265, 268; *Jackson* v. *State*, 93 *Ga.* 164 (18 S. E. 436); *Deans* v. *Deans*, 171 *Ga.* 664 (3), 683 (156 S. E. 691, 74 A. L. R. 222); *Justice* v. *Warner*, 178 *Ga.* 579 (4) (173 S. E. 703); *Cochran* v. *Bugg*, 131 *Ga.* 588 (2, 3) (62 S. E. 1048); *Langston* v. *State*, 153 *Ga.* 127 (111 S. E. 561); *Grace* v. *McKinney*, 112 *Ga.* 425 (2) (37 S. E. 737). Such exception shows no reversible error, for the additional reason that part of the testimony, merely objected to as a whole, was

810

admissible to rebut a statement of alleged fact by the defendant to the jury as to his ownership or possession of pistols (*Camp* v. *State*, 179 *Ga.* 292, 175 S. E. 646; *Sisk* v. *State*, 182 *Ga.* 448 (3), 452, 185 S. E. 777; *Worthy* v. *State*, 184 *Ga.* 402, 191 S. E. 457; *Goddard* v. *Boyd*, 144 *Ga.* 18 (2), 85 S. E. 1013; *Gully* v. *State*, 116 *Ga.* 527 (2) 533, 42 S. E. 790, and cit.); and especially so, where in this case the accused by his counsel on cross-examination, with full knowledge of the character of the evidence to be expected, himself elicited substantially the same testimony, and stated in open court that the defendant was then serving time for the subsequent robberies. *Annunciato* v. *State*, 176 *Ga.* 787 (3), 791 (169 S. E. 3); *Wheeler* v. *State*, 179 *Ga.* 287 (175 S. E. 540).

5. The entire testimony as to the robberies, with the statement in open court by counsel for the defendant that he was serving time therefor, being properly before the jury, as set forth in the preceding paragraph, the court did not err in charging the abstractly correct general rule of law as to the legal purposes for which evidence of other offenses may be considered. See *Haden* v. *State*, 176 *Ga.* 304 (*b*), 310 (168 S. E. 272); *Pritchett* v. *Moore*, 125 *Ga.* 406 (2) (54 S. E. 131); *So. Ry. Co.* v. *Phillips*, 119 *Ga.* 146 (2) (45 S. E. 967). There was no request to charge in this case, as there was in *Central of Ga. Ry. Co.* v. *Brown*, 138 *Ga.* 107 (6) (74 S. E. 839), that "the evidence was admissible for one purpose only, and not to consider it for any other purpose."

*Judgment affirmed. All the Justices concur.*

No. 11951. NOVEMBER 10, 1937.

818

*Russell G. Turner, J. L. Busby,* and *H. A. Allen,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. J. Clower,* and *Ellis G. Arnall,* contra.