32212.   JORDAN *v.* THE STATE.

880

DECIDED FEBRUARY 25, 1949.   REHEARING DENIED MARCH 29, 1949.

*Robert S. Horne,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West,* contra.

MacIntyre, P. J. ■ The evidence, which we have set forth in the statement of facts, was sufficient to authorize the jury to find the defendant guilty of an assault with intent to murder.

■ The evidence showed no other assault than firing the pistol at the fleeing Mrs. Jordan, whom he had threatened to kill a few days prior to the shooting here in question, and after she had escaped from such assault and while he was being restrained from pursuing her further, he made the statement testified to by the witness Whitesides, "I came here to kill her and I did the best I could," and after the officers had taken him in charge he said, "I am going to kill her," on one occasion, and "I am going to kill her, I didn't get her that time, but I will get her," on another occasion. Under this uncontradicted evidence, there was nothing to show a mere simple assault. Under some circumstances one may be guilty of a mere simple assault by firing a

pistol, but here there was nothing under any phase of the evidence to authorize a verdict for a mere simple assault, and the Supreme Court and this court have "frequently decided that the judge may construct his charge upon the various issues made by the evidence; and that, if a defense is set up in the [defendant's] statement alone, it is not error to omit submitting the law appropriate to such defense, in the absence of a timely written request." *Watson* v. *State,* 136 *Ga.* 236, 239 (71 S. E. 122); *Alexander* v. *State,* 66 *Ga. App.* 708, 713 (19 S. E. 2d, 353). Special ground 2 of the motion for a new trial is for the foregoing reasons without merit.

■ Special ground 3 is controlled adversely to the contention of the defendant by the decision in *Davidson* v. *State,* 78 *Ga. App.* 619 (3) (supra).

■ In the eleventh ground, the defendant contends that the court erred in allowing Mrs. Jordan and another young lady to come and sit before the jury and cry "pitifully" during the solicitor-general's argument to the jury, and that this crying greatly inflamed and prejudiced the minds of the jurors against the defendant and caused the jury to convict him and to impose the maximum sentence. The motion does not assert that the court observed the alleged impropriety or that the attention of the court was called to the matter in any way during the progress of the trial. No motion for a mistrial having been made and no ruling having been invoked by counsel for the defendant because of such alleged impropriety, there is no basis for review, and this ground is without merit. *Rawlings* v. *State,* 124 *Ga.* 31 (7), 42 (52 S. E. 1); *O'Dell* v. *State,* 120 *Ga.* 152 (4, 5, 6) (47 S. E. 577).

■ Ground 12 contends that there is a variation between the allegations of the indictment, charging an assault with intent to murder, and the proof, in that the indictment alleges that the defendant with intent to kill did *shoot* the victim whereas the evidence was that *he shot at but did not hit her.* "One may shoot another and still be guilty of the statutory offense of shooting at another. It is not a question of marksmanship, but of intent and motive. A bad marksman may be guilty of assault with intent to murder, or of shooting at another though his adversary was untouched because the bullet missed the mark. A better marks-

man may be guilty only of shooting at another, though he shoots down his assailant, if he does not shoot with intent to kill." *Mosley* v. *State*, 11 *Ga. App.* 1, 7 (74 S. E. 569). See also, in this connection, *Varner* v. *State*, 6 *Ga. App.* 785 (65 S. E. 841). One may *shoot* another and be guilty of *shooting at another*. The former includes the latter. In the instant case the intent of the accused followed the bullet if he intended to hit the victim, and whether the bullet hit her or not is immaterial. Even if the bullet intended for her had hit an innocent bystander, his crime would have been the same. Thus, where the indictment charged that the defendant did with a certain pistol shoot feloniously and with malice aforethought make an assault upon the victim with intent to kill, and the evidence in support of these allegations was that the defendant with intent to kill shot at but did not hit the intended victim, this was not a material variation between the allegata and the probata, and the court did not err in so holding.

■ "In opening a criminal case to a jury preliminary to the introduction of evidence, the solicitor-general may state what he expects to prove. If, on an objection to a statement by the solicitor-general, the court declines to interfere, but instructs the jury: ["Gentlemen of the jury, you have been impanelled to try the case of State vs. Gillis Jordan and you are impanelled as jurors to try that case on the evidence produced upon the trial of that case. It is proper and I caution you that the preliminary statements of counsel—and this, of course, would apply to counsel for the State or counsel for the defendant—are not evidence and remarks or observations made by counsel in these preliminary remarks are not to be taken by you as evidence in the case. The purpose and function of those remarks is simply to outline to you what counsel think they can establish later on in the evidence as the evidence is produced, but I give you that word of caution at this time, that you are not to take these remarks of counsel as evidence but simply as a statement of no probative value of what counsel anticipates may be proved or can be proved later on in the case. You may proceed."] no error is committed where it does not appear that the remarks of the solicitor-general were otherwise than in good faith." *Daniels* v. *State*, 58 *Ga. App.* 599 (3) (199 S. E. 572). The remark of the

solicitor-general complained of was to the effect that the defendant had already attempted to kill Mrs. Jordan, and that he would kill her later when he got out of prison; that he had evidence which he would introduce which indicated that he would kill her yet.

■ Grounds 7, 8, and 9 merely amplify individually the complaint made in ground 4 as to the three following remarks by the solicitor-general in his closing argument to the jury, and these four grounds will be considered together. (1) "Now the defendant is mad with Otis Martin, and when he gets out he is going to kill Otis Martin," or "he has got another witness, Otis Martin, he is going to commit murder on." (2) "He fired four shots to kill Mrs. Jordan, and kept one in the chamber to kill himself with, which is also murder." (3) "It is not a question as to how long you give the defendant, but how long you give this little lady to live. If you give him two years, she will live only two years before he gets out and kills her, and, if you give him ten years, she will have ten years to live before he gets out and kills her. The Parole Board or the State Board of Pardons and Paroles might pardon or parole him, and he will get out and kill her." All of these remarks, counsel for the defendant says, were repeated several times over the objection of counsel. Counsel for the defendant contends that it is probable that the injury done the defendant by these improper remarks was not eradicated by the instruction given by the court, that the jurors should govern themselves by the evidence in the case, and argument of counsel was not evidence; and that the court did not instruct the jury that such remarks were improper and to be disregarded by the jury, nor did the court reprimand the solicitor-general or order him to refrain from making such remarks. The effect of these remarks, counsel for the defendant contends, was to so prejudice and inflame the minds of the jurors as to cause them to find the defendant guilty and to impose upon him the maximum sentence of ten years.

With reference to remarks of the solicitor-general first above quoted, counsel for the defendant says that this remark was not referable to any evidence adduced on the trial. The solicitor-general contends that what was said about Otis Martin was

referable to the evidence, "because Mrs. Jordan . . . refused to give his [Otis Martin's] name in court. She had a reason for doing that, because she must have feared that his life would be in danger if we [the State] brought him into court. We did, however, find out who he was and we did bring him into court [and he testified to the threat that the defendant made against his wife a few days prior to the shooting in question]. We thought at the time of the trial we were justified in telling the jury that, if the defendant loved his wife so much that he wanted to kill her and was still insisting upon his desire to kill her after he had failed in this effort, he would be mad with anybody that caused him to lose his chance to kill her on the particular occasion in question, and that that person's life would be likely in jeopardy at his hands. It is necessarily true that in all these matters, we [the State] were talking only about punishment."

"While counsel should not be permitted in argument to state *facts* which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court." *Owens* v. *State,* 120 *Ga.* 209 (3) (47 S. E. 545). Applying this rule to the argument of the solicitor-general just above stated, we do not think that the defendant's objection called for a mistrial or a rebuke. See also, in this connection, *Mitchell* v. *State,* 152 *Ga.* 375 (12) (109 S. E. 357).

Under the evidence in this case and the foregoing authorities, we do not think that the remark of the solicitor-general second above quoted, with reference to the defendant's saving one bullet to kill himself, calls either for rebuke or mistrial.

The evidence relative to the remark of the solicitor-general third above quoted was that the defendant had threatened his wife prior to their separation and divorce, and after they had separated and she had obtained her second verdict of divorce the defendant told a mutual friend of theirs, Otis Martin, that he was going to bump his wife off if it was the last thing he ever did. Martin communicated this threat to the wife, and a few days thereafter the defendant armed himself with a pistol and as he approached his wife in the restaurant where she was working, she

fled and he fired at his fleeing wife, and while he was being restrained from pursuing her further, he stated, "I came here to kill her and I did the best I could," and "I am going to kill her, I did not get her that time, but I will get her." We can not say that the solicitor-general was stating facts not in the record. On the other hand, it seems to us that he was drawing deductions from the evidence that, as soon as the defendant was released from custody and the restraining hand of the law, he would not only attempt to make good his threat to kill his wife, but he would succeed in doing so. Whether the solicitor's logic was sound or unsound, this remark did not call for a mistrial or a rebuke. It is the introduction of facts not in evidence that requires the application of such remedies. *Patterson* v. *State*, 124 *Ga.* 408, 409 (52 S. E. 534).

As to the reference made in the remarks of the solicitor-general with regard to what the State Board of Pardons and Paroles might do, the prosecuting attorney may on the trial of a case, such as is now under consideration, argue to the jury that the "State Board of Pardons and Paroles might parole or pardon him." *Lucas* v. *State*, 146 *Ga.* 315 (7) (91 S. E. 72); *Thornton* v. *State*, 190 *Ga.* 784 (2) (10 S. E. 2d, 746); *Manchester* v. *State*, 171 *Ga.* 121 (7) 132, 133 (155 S. E. 11).

Grounds 4, 7, 8, and 9 are, therefore, not meritorious.

■ Special grounds 1, 5, and 10 complain of the admission of certain allegedly illegal evidence, and the solicitor-general's remarks thereon in his argument to the jury, and will be considered together. The witness, Edna Jordan, testified in part: "My husband, Gillis Jordan, the defendant, was not in town when I got my last verdict. He was in Tallahassee, Florida. He had been sent away on April 8th. He stayed in Tallahassee twelve months. Mr. Garrett asked me if that was the period that he was sent away for and I told Mr. Garrett that he was sent away for fifteen months, but he only made twelve." Counsel for the defendant alleges that "this testimony was given by Mrs. Edna Jordan when she was under direct examination by the solicitor-general; [and that] (a) As soon as all of the above quoted evidence was testified to, movant then and there urged before the court the following objection: 'I object to any of the evidence

going in. Mr. Garrett has brought in another matter only to prejudice the rights of this defendant.' (b) The court stated: 'I am not far enough along to tell where you are going. Don't inject any foreign matter into this case.' The solicitor stated: 'I am not going any further along that line. I want to know how long he was supposed to be gone and how long he did stay gone and when he got back.' The court did not sustain or overrule the objection;" however the movant contends that the evidence was admitted. Such objection was too general to raise any question for determination by this court. *Owen* v. *State,* 78 *Ga. App.* 558 (51 S. E. 2d, 602). Moreover, whether the motion here was one to exclude the evidence and was made before the evidence was already in, or whether it was admitted over objection, or whether the objection was equivalent to a motion to rule out the evidence after it was already in, the court did not sustain or overrule the motion. We think that the judge in effect stated that he was reserving his ruling on such motion, to see what the evidence would further develop relative to this matter, and it seems to us that it was incumbent upon objecting counsel, if the evidence was inadmissible, to direct the court's attention thereto either before or at the close of the testimony and to move to exclude it; and upon his failure to do so so he will be held to have waived his objection. *Cawthon* v. *State,* 119 *Ga.* 395 (7) (46 S. E. 897); *Mitchell* v. *State,* 152 *Ga.* 375, 376 (9) (109 S. E. 357); *Kehoe* v. *Hanley,* 95 *Ga.* 321 (22 S. E. 539); *Fluker* v. *State,* 184 *Ga.* 809 (193 S. E. 749).

The evidence referred to above having been introduced and being still in the record at the time the solicitor-general made his arguments, special grounds 5 and 10, complaining of the solicitor-general's remarks thereon, are without merit.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*