### 51909. GUNTER v. LOGUE et al.

CLARK, Judge.

Plaintiffs brought a tort action for trespass to realty alleging that defendant, a builder, constructed a drainage ditch upon their property. Defendant answered, denying the material allegations of the complaint and setting forth, inter alia, that (1) the drainage ditch was not constructed upon plaintiffs' property, but upon adjacent property and (2) the construction of the drainage ditch upon adjacent property was at the direction of the county health department. A verdict was rendered against defendant for $3,000 actual and $3,000 punitive damages. Judgment was entered upon the verdict. Following denial of his motion for new trial, defendant appealed. *Held:*

1. The dispute as to whether the trespass occurred on plaintiffs' land created a conflict in the evidence which could only be determined by a jury. After a verdict has been rendered by a jury, the evidence is construed in its light most favorable to the prevailing party because every presumption and inference is in favor of the verdict.

*Brown v. Wingard,* 122 Ga. App. 544 (177 SE2d 797); *Brown v. Nutter,* 125 Ga. App. 449, 450 (188 SE2d 133). The verdict is supported by the evidence and it will not be disturbed. The general grounds are without merit.

2. "Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith..." *Haas & Howell v. Godby,* 33 Ga. App. 218 (1) (125 SE 897). Thus, the fact that defendant trespassed upon plaintiffs' land to comply with orders of county sanitation officials directed at correcting conditions upon another parcel of land does not relieve him of liability. The court did not err in refusing to direct a verdict for defendant based on the ground that defendant merely attempted to comply with requests of county sanitation officials.

3. Did the evidence warrant imposition of punitive damages? In *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000), Justice Andrew J. Cobb[1] stated the applicable rule: "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." Our examination of the transcript leads to the conclusion that the evidence here does not show the malevolent or reprehensible conduct of the type necessary to satisfy that standard. Defendant's trespass was undertaken in order to comply with a directive from the health department to correct an unsanitary condition on an adjacent parcel of land.

4. "The restraint and correction of improper argument by counsel is a discretionary matter for the trial court, which discretion will not be controlled except in cases of abuse. . ." *Black & White Cab Co. v. Clark,* 67 Ga.

---

[1]The memorial to Justice Cobb (1857-1926) quotes his views thusly: " 'A judge is a lawyer, but a lawyer in captivity. He is daily conscious of the bounds of his prison. He may have the inclination of the lawyer to take broad and expanding views, but he is shackled by precedent, and his expressions must be toned to fit the conception of the judicial office.' " 162 Ga. 847.

App. 170 (12) (19 SE2d 570). We find no abuse of discretion in this case where, upon defendant's objection, the court instructed the jury to disregard the improper argument of plaintiffs' counsel.

5. During the trial, plaintiffs' counsel asked one of the plaintiffs the following question: "Mr. Logue, did he [defendant] offer to make restitution to you?" Inasmuch as the court sustained defendant's objection to this question, there is no merit to the contention that the court erred in failing to grant defendant's motion for mistrial on the ground that an offer of compromise was injected in evidence.

6. To contradict defendant's assertion that he owned property upon which the construction took place, plaintiffs' counsel posed the following questions to defendant: "Q. Have you or have you not been paying taxes on this strip of land you said you abandoned? A. That I could not say . . . Q. In other words you don't know whether you have or haven't been paying taxes? A. That is right. Q. Somebody's been paying taxes on that land. Is that not right?" At this point, defendant's counsel objected on the ground that the payment of taxes is not a circumstance showing ownership. Although the trial court overruled the objection, plaintiffs' counsel did not insist upon an answer to his last question and abandoned this line of inquiry.

Defendant contends the trial court erred in permitting plaintiffs' counsel to inquire about the payment of taxes upon the land in question. Assuming such questions were improper (see generally *Mitchell v. Gunter*, 170 Ga. 135 (152 SE 466)), defendant, by failing to object, waived any objection he may have had to those questions. A mere subsequent objection to previously admitted inadmissible testimony is not the equivalent of a motion to strike or exclude evidence; and such an objection is properly overruled. *Fluker v. State*, 184 Ga. 809 (4) (193 SE 749); 11 EGL 262, Evidence, § 11. Accordingly, the trial court did not err in overruling defendant's untimely objection.

7. The remaining enumerations of error are without merit.

*Judgment affirmed with condition that the appellees*

*write off the allowance of $ 3,000 punitive damages within 10 days; otherwise the judgment is reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MAY 4, 1976 —
REHEARING DENIED JUNE 10, 1976.

*Dollar & Dettmering, James R. Dollar, Jr.,* for appellant.
*William E. Otwell,* for appellees.