## 31500. STAYMATE v. THE STATE.

Jordan, Justice.

Cheryl Elizabeth Staymate appeals her conviction of the murder of her son, 23 months old, her sentence of life imprisonment, and the denial of her motion for new trial.

1. The appellant asserts that the evidence, which was circumstantial, was insufficient to exclude every other reasonable hypothesis except her guilt.

In *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643) (1976) this court approved the rule that: "Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law."

The evidence in the present case was sufficient to support the verdict.

2. The appellant asserts that the trial court and jury "arbitrarily rejected and ignored the only competent and uncontradicted evidence on the issue of insanity. . ."

The appellant relies on the testimony of a psychiatrist who talked with her twice during the four

months she was at the state mental hospital at Milledgeville. He testified that he had studied the results of examinations given her, and that these were compatible with the condition known as psychomotor epilepsy; and that, if she killed her child during a psychomotor seizure, she would not have been able to distinguish between right and wrong at the time. It was his opinion that she did not know right from wrong, and could not stop whatever she was doing, on the date the child was injured.

The matron of the Bibb County Jail testified that the appellant was placed in custody on April 18, 1974, the day after her son's death, that she was sent to Central State Hospital for evaluation on May 14, 1974, and was returned to the jail on September 14, 1974. The witness saw the appellant on a daily basis during the period that she was in jail, and during this time the witness did not observe that she acted in an irrational manner. It was the opinion of the witness, from observing the appellant in jail, that she could distinguish between right and wrong.

There was no evidence that the appellant had ever been adjudicated insane. Neither the expert witness, nor the nonexpert witness, saw or knew her on the date of the homicide. Both witnesses had to base their opinions of her sanity on their observations after that date. The nonexpert witness observed her on the day following the child's death. The expert witness observed her for the first time some three months later. The appellant's mother testified that she had never observed her daughter acting in an irrational manner.

From all of the evidence the jury was authorized to find that the appellant was sane at the time of the homicide.

*Judgment affirmed. All the Justices concur.*

<small>ARGUED SEPTEMBER 15, 1976 — DECIDED SEPTEMBER 29, 1976.</small>

*Frank B. Lanneau, III,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney*

*General,* for appellee.