## 54610. SULLIVAN v. THE STATE.

BIRDSONG, Judge.

The appellant Sullivan was convicted of the offense of burglary and sentenced to twenty years. He enumerates three errors. *Held:*

1. In his first two enumerations of error, the appellant in essence asserts that the evidence was

insufficient to warrant his conviction, contending, first, that the trial court erred in refusing to grant a directed verdict of acquittal, and second, that the trial court erred in refusing to grant a new trial.

The evidence, in summary, shows that during the early morning hours of November 3, 1975, a witness for the state, while driving to work, heard a burglar alarm. He stopped in front of the premises of a wholesaler of pharmaceutical drugs. He observed two men exit through a shattered glass pane in the lower portion of the front door of the establishment. The two men entered a light blue automobile and drove away. A police officer in a police vehicle was alerted to a light blue vehicle just as it was leaving the premises of the burgled store and he followed it. He observed two males in the vehicle. After a brief chase, the blue vehicle stopped, two men exited, and fled on foot, escaping momentarily. The driver of the car had a prosthetic device in lieu of a hand. The police officer searched the vehicle and recovered the bottles of drugs, which were subsequently identified by the manager of the store as having been taken from the burgled store. Shortly thereafter, the two men were captured, the appellant being apprehended in a crawl space under a house.

The appellant had a prosthetic device in lieu of a hand. The blue vehicle abandoned by the two men was owned by the appellant and registered in his name. The appellant's companion testified in full corroboration of all the above facts except that he maintained that the appellant was asleep on the back seat and did not know of or participate in the burglary. The appellant testified in conformity with his companion and denied participating in or knowing of the burglary.

As can be ascertained from the above facts, the guilt of the appellant depends entirely upon circumstantial evidence. Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed on circumstantial evidence. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132); *Gee v. State,* 130 Ga. App. 634, 635 (204 SE2d 329). In this case, the jury was fully informed as to the law of circumstantial evidence and mere presence at the scene of the crime. We will not

speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). The competent evidence in this record more than adequately supports the jury's finding of guilty. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). The evidence not demanding a verdict for the defendant, it was not error for the trial court to deny the motion for a directed verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311). There is no merit in the first two enumerations of error.

2. In his last enumeration, appellant complains that he was harmed by the trial court's compulsion of a defense witness (appellant's companion) to answer a question over the witness' invocation of his right against self-incrimination. In essence, the witness had testified to the same fact on direct examination without objection or invocation of his privilege. When the trial court ordered the witness to answer on cross examination, there was no objection on any ground to the specific question and answer by the appellant.

For any one of three reasons, this enumeration is without merit. Granted, if the invocation of the privilege by the witness had been successful, the testimony in question could have been excluded at the instance of the witness, under his personal privilege. This does not allow the appellant the same right, for he may not avail himself of the personal privilege of the witness, he having no standing to do so. *McCray v. State,* 134 Ga. 416, 424 (8) (68 SE 62); *Dye v. State,* 77 Ga. App. 517, 523 (4) (48 SE2d 742); Green, Ga. Law of Evidence 379, § 153. Secondly, where the appellant asserts error but no objection was made at trial, it cannot be made the basis of appellate review, either as a ground of a motion for a new trial, or as a ground of enumerated error on direct appeal. *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8); *Hart v. State,* 227 Ga. 171 (179 SE2d 346); *Moore v. State,* 138 Ga. App. 902 (2) (227 SE2d 809). Lastly, the witness having previously and voluntarily supplied the same information without objection, the trial court could treat the attempted invocation of rights as a mere subsequent objection to

previously admitted inadmissible testimony. Such a belated objection is not the same as a motion to strike or exclude the evidence and such an objection is properly overruled. *Fluker v. State,* 184 Ga. 809 (4) (193 SE 749); *Gunter v. Logue,* 138 Ga. App. 868, 870 (227 SE2d 773).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED DECEMBER 5, 1977.

*M. Randall Peek, District Attorney, Calvin A. Leipold, Assistant District Attorney,* for appellee.