## 60256. WHITACRE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant and another were jointly indicted for violation of the Georgia Controlled Substances Act (unlawful possession of cocaine with intent to distribute). The co-defendant pleaded guilty to this and other additional charges; however, he appeared and testified as a witness for defendant at defendant's trial. The case against him is not involved in this appeal. This defendant was convicted and now appeals, enumerating as error the introduction into evidence of a non-voluntary admission to law enforcement officers, the admission into evidence of irrelevant and immaterial evidence, and the insufficiency of the evidence to support his conviction. *Held:*

1. In his first enumeration of error defendant contends that the "court erred in finding, after a Jackson-Denno hearing, that Appellant's admission was freely and voluntarily made without any hope of benefit."

At the trial of this case a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) was requested to determine the voluntariness and admissibility of a statement defendant had made to law enforcement officers shortly after his arrest. During that hearing the law enforcement officer who had received defendant's statement testified in regard to all the facts and circumstances surrounding the receiving of the statement. Defendant did not testify at this Jackson-Denno hearing, nor did he present any witnesses in his behalf at that time.

The trial court, at the conclusion of this hearing, made a factual

determination that the statement was freely and voluntarily made and admissible."The standard the state was required to meet before the trial judge concerning the statement was to show it voluntary by a preponderance of the evidence considering the totality of the circumstances." *Lawrence v. State,* 235 Ga. 216, 219 (1) (219 SE2d 101). When the trial court makes findings of fact and credibility findings regarding the admissibility of such a statement based on voluntariness, these findings must be accepted by this court unless such determinations are clearly erroneous. *Johnson v. State,* 235 Ga. 486 (6) (220 SE2d 448); *Hurt v. State,* 239 Ga. 665, 669 (238 SE2d 542); *Presnell v. State,* 241 Ga. 49, 55 (5) (243 SE2d 496); *Griggs v. State,* 241 Ga. 317, 319 (5) (245 SE2d 269); *Jones v. State,* 148 Ga. App. 637 (252 SE2d 65). Moreover, the voluntariness issue was presented to the jury on sufficient instruction by the trial court. The trial court did not err in admitting the defendant's statement.

2. The defendant and the co-defendant were arrested while allegedly transacting a sale of approximately one-half pound of cocaine (part of a $44,000 transaction) to two undercover law enforcement officers. Upon the arrival of these two undercover officers and in order to satisfy the officers that there was no other person hiding in the apartment, defendant conducted one of the officers throughout the apartment. At the time of the arrest all the parties to the transactions were located in the living and dining area of the co-defendant's apartment. Other law enforcement officers, who had been waiting outside as a backup unit, followed one of the undercover officers, who had gone outside to get the money to complete the drug transaction, into the apartment and the defendant and co-defendant were quickly apprehended by this backup unit. At the time of their arrests both the defendant and co-defendant were armed with hand guns. There was testimony that the defendant "made a move to his gun but he never actually grabbed hold of it. He had it stuck in his belt or pants." There was other testimony that the officers had to wrestle with co-defendant to prevent him from getting to his (co-defendant's) hand gun.

During the search of the apartment, subsequent to the arrest, a .45 caliber semi-automatic rifle and a .22 caliber survival rifle were found in a bedroom. Defendant objected to the admission into evidence of the two rifles found during the search of the apartment as irrelevant and immaterial. The two rifles were not of illegal type nor were they stolen property. Nevertheless, they illustrate the fact that the defendant and co-defendant were armed and in possession of dangerous drugs for distribution involving a large sum of money. Therefore, these weapons were properly allowed in evidence to be weighed by the jury for what they are worth. See *Clements v. State,*

226 Ga. 66 (1) (172 SE2d 600); *State v. Luke,* 232 Ga. 815-817 (209 SE2d 165).

Also admitted into evidence, over defendant's objections as to relevancy, were a large set of scales found in the bedroom and a quantity of marijuana, most of which was in plain sight on the dining room table during the transaction. There is no evidence that defendant was aware of the presence of the scales and any concealed marijuana in the apartment. However, such exhibits certainly illustrate the state's case of a conspiracy between the defendant and co-defendant as to possession of contraband for the purpose of distribution. The marijuana in plain view on the dining room table on and around which the transaction was being conducted is certainly admissible as evidence of guilty knowledge and of intent.

The above items of evidence were properly allowed in evidence, and these enumerations of error are not meritorious.

3. The defendant's third and fourth enumerations of error challenged the sufficiency of admissible and competent evidence to authorize a rational trier of fact to return a verdict of guilty against the defendant. Defendant contends that his motion for directed verdict of acquittal at the conclusion of the state's evidence should have been granted and there was no admissible probative evidence tending to prove the defendant either possessed cocaine or intended to distribute it.

The state's evidence is that undercover law enforcement operatives, aided by an informant, made contact with the co-defendant and negotiated for the purchase of cocaine. When the undercover enforcement operatives arrived at the apartment of the co-defendant to consummate the sale, the defendant was present and identified himself to the undercover operatives as the voice on the telephone to whom they had spoken when their calls to the co-defendant had been forwarded. Soon after the undercover operatives' arrival at the apartment the co-defendant left for a brief period of time and returned with the cocaine. At all times during the transaction the defendant was present in the living-dining area of the apartment in which the transaction was taking place. When one of the undercover operatives attempted to weigh cocaine on a set of triple beam scales (pharmaceutical scales), the defendant stepped across the room and instructed him in the use of the scales. Undercover officers during this period of time engaged in conversation regarding the cocaine and the testing of the cocaine, even stating in defendant's presence, "The cocaine looks fine and let's pay you for it." The defendant and co-defendant agreed with undercover agents that after the money was brought in and they were paid for this parcel of cocaine that the co-defendant would leave to go

get a further parcel of cocaine while the defendant remained in the apartment with the undercover operatives. While the law enforcement officers were present the defendant never had the cocaine in his actual possession. Yet, the admissible evidence presented by the state was sufficient to authorize a rational trier of fact to determine beyond a reasonable doubt that the defendant was aware that the substance involved was cocaine and that by his actions he demonstrated an intention to effect a dominion and control over the cocaine so as to be in constructive possession thereof. Furthermore, upon our review of the trial transcript and record, we find and hold that a rational trier of fact (the jury in the case sub judice) was authorized by the evidence to conclude and find beyond a reasonable doubt that defendant was in possession and intended to participate in the distribution of this cocaine by selling same to the undercover law enforcement officers. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JULY 2, 1980 — DECIDED JULY 15, 1980.

*Wallace C. Clayton,* for appellant.

*Tom Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellee.