## 62722. GOTTSCHALK v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, along with two others, for the offenses of two counts of armed robbery, six counts of aggravated assault and two counts of aggravated assault upon a peace officer. He asked for and was granted a separate trial on the two counts of aggravated assault upon a peace officer. The two other defendants pleaded guilty to all counts alleged in the indictment. At the trial the state offered witnesses indicating that three persons were involved and participated in the robberies and aggravated assault. However, there was no testimony offered by these witnesses that the defendant personally robbed or struck anyone.

In an earlier bond hearing in which a bond was set and later reduced by order of the court this defendant was sworn and testified in his own behalf. At the trial in chief of the defendant an assistant district attorney who was present at the bond hearing was called as a witness and was allowed to testify over objection (a motion in limine to prevent the testimony of the assistant district attorney as to what this defendant had stated as a witness in his own behalf in order to obtain a bond, contending he had not waived his Fifth Amendment privilege against self-incrimination). This witness testified that the defendant in his testimony at the bond hearing admitted being present at the scene of the crimes but denied taking part in the robbery, denied any prior knowledge that there was going to be a robbery, admitting taking a gun from one of the other defendants and did see the other defendant hitting one individual but did not see anything taken from anyone. Further, it was disclosed that as this defendant was leaving the location he observed a police car and went back inside the building and told one of the other defendants and then left the scene walking.

The defendant was convicted and sentenced to serve 10 years on each count, each count to run concurrently with the others for a total of 10 years to serve. Defendant appeals. *Held:*

The sole enumeration of error is that the trial court erred in overruling the defendant's motion in limine. Examination of the trial record discloses the trial court denied the motion in limine prior to

trial. No objection was made to the testimony at the time of trial. However, no further objection was necessary to preserve the denial of the motion on appeal. See *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 285 (1) (260 SE2d 20).

The assistant district attorney as a witness testified fully as to the testimony given by the defendant at the bond hearing which was both inculpatory and exculpatory in nature. Such evidence was necessary to connect this defendant to the crime.

By brief, defense counsel seeks in support of this enumeration of error to invoke an objection that the defendant was not properly represented by effective counsel in that his counsel at the bond hearing surrendered his Fifth Amendment privilege against self-incrimination. However, our Supreme Court has many times stated that the standard of effectiveness of counsel is not to be judged by hindsight with reference to trial tactics, even though another lawyer or other lawyers might have conducted the trial differently. See *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515); *Estes v. Perkins,* 225 Ga. 268, 269 (1) (167 SE2d 588); *Riley v. State,* 237 Ga. 124, 129-130 (226 SE2d 922). Since the testimony given by this defendant at the bond hearing was both inculpatory and exculpatory we cannot conclude that the defendant's defense counsel at that point in time was constitutionally ineffective in allowing him to testify any more than we could say that counsel at this hearing was ineffective in not producing any evidence and in not having the defendant testify during the trial. There is a presumption that legal services performed by an attorney are performed in an ordinarily skillful manner and the presumption may be overcome only by competent expert testimony showing that such services were not performed in an ordinarily skillful manner. See *Hughes v. Malone,* 146 Ga. App. 341, 346 (247 SE2d 107). The mere fact that the assistant district attorney as a witness stated that it was kind of unusual that defense counsel would put a defendant on the stand in a bond hearing as to whether or not he is guilty of the offense and whether or not he participated in the crimes for which he was indicted, this testimony simply does not amount to competent expert testimony indicating that the defendant was not properly represented by effective counsel during his bond hearing. Moreover, the enumeration of error complains of the denial of the motion in limine which merely raised the issue that defendant had not waived his Fifth Amendment privilege against self-incrimination on testifying during his bond hearing. This question has not been argued here.

Further, this case is not similar to the facts of *Pickens v. State,* 111 Ga. App. 574, 575-576 (2) (142 SE2d 427), wherein the hearsay testimony of an accomplice at a committal hearing was used both to

impeach an accomplice as a witness at the subsequent trial and to prove his testimony at which he simply "did not remember," this court assuming arguendo that his testimony as heard by others at the committal hearing was admissible against the defendant but then holding the evidence was insufficient to convict the defendant of the crime charged. Code § 38-314 is an exception to the hearsay rule to prove the testimony of a witness at a former trial under certain circumstances when the witness is unavailable at a later trial. See in this connection *Craft v. State,* 154 Ga. App. 682 (1) (269 SE2d 490). Here, however, the defendant's admissions against interest at the bond hearing was not hearsay having no probative value, and could be used against him as in the case sub judice. Under the above circumstances we simply find the enumeration of error here not meritorious.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1982.

*James C. Brown,* for appellant.
*Robert E. Keller, District Attorney,* for appellee.