## 64468. BUCKNER v. THE STATE.

McMURRAY, Presiding Judge.

This is an appeal of defendant's conviction of possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act following the denial of his motion for new trial as amended. *Held:*

1. A search warrant was executed, and marijuana was found in the dwelling or residence of the defendant generally in male clothing in which there was testimony that the defendant was seen wearing similar clothing; and in an automobile driven by the defendant on many occasions who admitted ownership. After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt, said evidence including the contraband which was not suppressed. *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). The trial court did not err in denying defendant's motion for new trial based upon the general grounds.

2. The evidence before the justice of the peace who issued the search warrant contained hearsay upon hearsay upon hearsay. At the motion to suppress hearing the first hearsay to which we refer was testimony by the sheriff that a reliable informant (the witness testifying as to the basis for the reliability) had informed him that the controlled substances were seen by the informant the day that the affidavit was made, and the warrant issued, in possession of defendant in the kitchen of the residence or dwelling where it was being divided into small portions; and the informant advised that the marijuana would be found in small quantities in different locations in the dwelling. The sheriff, advising a lieutenant in the sheriff's department as to the reliability of the information, instructed the lieutenant to have an investigator obtain a search warrant. The lieutenant testified he related to the investigator the instructions he

received from the sheriff. The investigator also testified as to what he was told, his instructions, and he made an affidavit before the justice of the peace issuing the search warrant that reliable information had been given to the sheriff in the past which proved to be correct leading to the location and confiscation in another case and the informant so advised that he saw five pounds of marijuana at the residence. The justice of the peace also testified with reference to the information furnished him at the time of the obtaining of the warrant that he was advised of the identification of the informant, when the informant had seen the marijuana, how the information was obtained and that he was aware of the reliability of the informant. As the above witnesses all testified at the motion to suppress hearing, the trial court did not err in overruling the motion to suppress. Hearsay may support the affiant's conclusions and his belief that the informant was credible or his information reliable. See *Smith v. State,* 136 Ga. App. 17, 18 (220 SE2d 11). In addition, facts may be placed before the justice of the peace for him to exercise his own independent discretion that there was sufficient showing of probable cause to justify the issuance of a search warrant. See *Campbell v. State,* 226 Ga. 883, 886 (1) (178 SE2d 257). There is no merit in this complaint.

3. During the charge the trial court instructed the jury with reference to the law regarding presumptions as to the ownership of property. There was evidence here that the defendant was the occupant of the structure, residence or dwelling, as well as the owner of the automobile parked at the dwelling which also contained some marijuana. The court also instructed that merely having been in the vicinity of contraband does not, without more, establish possession and merely finding contraband (an illegal substance) on the premises occupied by the defendant or in a vehicle under his control is not sufficient to support a conviction, if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. The trial court then instructed the jury that these presumptions may be rebutted, that is, overcome by evidence to the contrary. See *Knighton v. State,* 248 Ga. 199, 200 (3) (282 SE2d 102), in which the Supreme Court of Georgia held that "the head-of-the-household statute's contraband presumption" was unconstitutional. Defendant contends that the above charge in substance was one with reference to a mandatory presumption. Viewing the charge as a whole with reference to the presumption we cannot hold that reasonable jurors would interpret the instruction as being conclusively mandatory or as a shifting of the burden of persuasion to the defendant. *Franklin v. State,* 245 Ga. 141, 154 (8) (263 SE2d 666); *Dixon v. State,* 154 Ga. App. 828, 829-830 (5) (269 SE2d 909); *Burdett v. State,* 159 Ga. App. 394 (2) (283 SE2d 622).

There is no merit in this complaint.

4. Based upon the defendant's Brady motion he next contends that the trial court erred in failing to reveal information contained therein. An in camera inspection was made by the trial court, who certified that an enclosed photocopy of the file (contained in the record) was inspected and no exculpatory material beneficial to the defendant was discovered. Defendant now contends that it was error for the trial court to fail to conduct a hearing on the Brady motion requesting that an informant's name be revealed. It is noted here that when the trial court asked counsel if he desired to present further evidence on the Brady motion his reply was in the negative. Defense counsel did state he needed to know if, in fact, the informant did exist and what relationship he had to the criminal activity. The transcript clearly disclosed that the sheriff did in fact receive a call from the reliable informant known to him, that he told the lieutenant in his department to have an investigator obtain a search warrant and this information was given to the investigator who obtained the search warrant and all these persons testified at the motion to suppress hearing. Further, the justice of the peace testified that he was aware of the identity of the informant. Clearly there was an informant, and the only relationship he had to the criminal activity was having seen the contraband in the dwelling, the sheriff having been advised as to the activity of the defendant in preparing the marijuana in small packages. There is no merit in this complaint.

5. Defendant next contends that the trial court imposed a harsher sentence on him because he chose to stand trial rather than plead guilty. The defendant received a sentence of six years (three to serve and three on probation). He might have received a maximum sentence of 10 years. It is true that the trial court commented at the sentencing phase on defendant's refusal to admit guilt in the face of overwhelming evidence and the defendant's age (the same as that of the trial judge). These and other factors were taken into account by the court in arriving at a decision concerning the sentence. We find no reversible error in the fact that the trial judge advised the defendant in sentencing him that he would feel differently if defendant was merely 17 years of age, willing to admit guilt, but defendant was a mature man, accountable for his own acts who engaged in illegal activity and was not willing to own up to the crime. Thus, in considering mercy, he was not someone as deserving of the court's mercy. We find no reversible error here.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 17, 1982 —
REHEARING DENIED OCTOBER 8, 1982 — ■

*Kenneth R. Waldrep,* for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.