### 64534. ABRAMS et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants were convicted of possession with intent to distribute marijuana.

1. At their arraignment, held 10 days before trial was scheduled, appellants filed a motion for discovery of scientific reports. The reports were furnished four days before trial, and appellants moved for a continuance based on the provisions of Code Ann. § 27-1303 (OCGA § 17-7-211). The trial court refused to grant a continuance, but ruled that the state could not introduce into evidence any documents which would have been subject to discovery pursuant to appellants' request. At trial, over appellants' objection, a witness for the state was permitted to give oral testimony concerning scientific

tests performed on the substance seized from appellants. The admission of that testimony is enumerated as error.

Although it certainly appears that the state was permitted to do indirectly what it was not allowed to do directly, i.e., introduce evidence of the scientific tests performed by the State Crime Lab, no reversible error was committed by admitting the testimony. The Supreme Court has ruled that a request under § 27-1303 is not timely if it is not filed more than 10 days before trial, notwithstanding the language which makes a request filed at arraignment, as was the case here, timely without regard to the date of trial. *State v. Meminger,* 249 Ga. 561 (292 SE2d 681) (1982). Since appellants' request was not timely, the scientific reports were admissible. It follows that testimony concerning those reports was also admissible.

2. In two enumerations of error, appellants complain of the admission into evidence of the marijuana seized from them and of the denial of their motion for a directed verdict. The basis for both arguments is appellants' assertion that there was no evidence that the seized material was within the definition of marijuana as set out in Code Ann. § 79A-802 (o) (OCGA § 16-13-21 (16)). That assertion is totally refuted by the transcript. The expert witness testifying for the state identified the material as marijuana and stated that the majority of the material was leafy vegetation, with no stalks and few seeds. The two enumerations of error involving this issue are wholly without merit.

3. Appellants were arrested in a motel room. Two handguns were seized at the time of the arrest and were introduced into evidence at trial. Appellants' argument that the admission of the handguns was reversible error is controlled adversely to them by this court's holding in *Hale v. State,* 159 Ga. App. 563 (284 SE2d 68): "[A]rticles found in the control of the defendant at the time or near the time of arrest, including firearms, are admissible as circumstances connected with the arrest of the defendant. [Cits.]"

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 12, 1982 —
REHEARING DENIED NOVEMBER 29, 1982 —

*Timothy P. Healy, Robert F. Oliver, Charles D. Strickland,* for appellants.

*Nat Hancock, District Attorney,* for appellee.