### 66961. BROWN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his armed robbery conviction. *Held*:

1. It is contended that the trial court erred in limiting questions on voir dire as to the potential jurors' previous military service.

In the recent Supreme Court decision of *Henderson v. State*, 251 Ga. 398, 399 (306 SE2d 645) that court considered the question whether "the trial court erred in limiting voir dire of the jurors by refusing to allow the defendant to ask the panel whether members of the jurors' immediate families had ever worked for law enforcement agencies."

The court reviewed its decisions and a decision by this court which held "that the phrase 'respecting the subject matter of the suit

[action]' in OCGA § 15-12-133, supra, limited voir dire examination to the 'particular suit' being tried."

It was observed "the larger purpose of the Code section is to enable counsel to identify those prospective jurors counsel desires to remove from the panel by use of peremptory strikes as opposed to challenges for cause." Id., p. 399. Cited with approval was the case of *Bethay v. State*, 235 Ga. 371, 377 (219 SE2d 743), wherein it was held "that section [now OCGA § 15-12-133] permits inquiry not as to every matter and every thing, but as to 'any matter or thing which would illustrate any interest of the juror *in the cause . . .*'" Id., p. 400.

The Supreme Court concluded by holding "the question whether members of the jurors' immediate families had ever worked for law enforcement agencies is not related to the 'specific' or 'particular' suit being tried. Rather, it relates to the type or nature of the suit being tried, to wit: a criminal case. We find that *Hill v. State*, supra, 221 Ga. 65; *Curtis v. State*, supra, 224 Ga. 870; and *Frazier v. State*, supra, 138 Ga. App. 640, were correctly decided but that the phrases used in these decisions, 'specific case' and 'particular suit', impose an erroneous limitation on OCGA § 15-12-133, supra." Id., p. 402.

Applying the test laid down in *Henderson* we find that unlike law enforcement, the question as to previous military service does not relate to any fact or circumstance indicating an inclination, leaning or bias which the juror might have respecting the subject matter of the action. In brief, it does not indicate any interest of the juror in the cause. Therefore, it was not error for the trial judge to refuse to permit defendant's question on voir dire.

2. The second enumeration of error is that the trial court erred in denying defendant's motion for mistrial resulting from the prosecution's attempt to introduce a previous sentence imposed on the defendant relating to a separate charge.

The record reveals that, at the time the prosecutor sought to have the sentence marked for identification, objection was interposed and sustained after a hearing outside the presence of the jury. The trial judge in denying the motion for mistrial found that the jury never saw the document and had no opportunity to recognize what it was. We find no error.

3. It is argued that error was committed by overruling an objection interposed to argument made by the prosecutor to the jury.

An enumeration of error regarding alleged improper remarks during closing argument cannot be ruled upon where the argument is not recorded and there is no stipulation in the record as to the context and circumstances of the alleged remarks. *Sheffield v. State*, 124 Ga. App. 295, 297 (6) (183 SE2d 525); *Montgomery v. State*, 140 Ga. App. 286, 287 (2) (231 SE2d 108); *Alexander v. State*, 150 Ga. App. 41, 43 (3) (256 SE2d 649).

400

4. (a) Error is assigned on the failure to recharge certain requests to charge when the court, at the jury's request, recharged on the issue of conspiracy. "It is well settled that where the jury requests a recharge on a specific issue, the trial court is not required to recharge the jury in toto." *Rachel v. State*, 247 Ga. 130, 133 (274 SE2d 475).

(b) It was not error to decline to give certain requests to charge, where the substance of such requests was given in charge to the jury. *Irwin v. State*, 244 Ga. 850 (4) (262 SE2d 99).

5. The defendant contends that the evidence being entirely circumstantial in nature was insufficient to convict the defendant.

In order to warrant a conviction on circumstantial evidence, OCGA § 24-4-6 requires not only that the proved facts be consistent with the hypothesis of guilt, but that they exclude every other reasonable hypothesis save that of guilt. "The term 'hypothesis' as used in Code § 38-109 [now OCGA § 24-4-6] refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act." *Hunter v. State*, 91 Ga. App. 136, 138 (85 SE2d 90). "It is not necessary, however, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses." *Dunson v. State*, 202 Ga. 515, 521 (43 SE2d 504). "The mere possibility that someone other than the defendant committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a verdict of guilty." *Eason v. State*, 217 Ga. 831 (4) (125 SE2d 488). Accord, *Castleberry v. State*, 152 Ga. App. 769, 770 (2) (264 SE2d 239).

"Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." *Harris v. State*, 236 Ga. 242, 245 (1) (223 SE2d 643). Accord, *Staymate v. State*, 237 Ga. 661 (1) (229 SE2d 421); *Orr v. State*, 145 Ga. App. 459, 464 (4) (244 SE2d 247).

We, therefore, find that the evidence, although circumstantial, was sufficient so that a rational trier of fact could find the defendant guilty beyond a reasonable doubt within the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided February 6, 1984 —
Rehearing denied March 21, 1984.

Robert B. McNeese, Jr., for appellant.
Robert E. Keller, District Attorney, Keith C. Martin, Assistant District Attorney, for appellee.