## 67261. DURDEN v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of armed robbery by use of an offensive weapon. On appeal he contends the trial court erred by allowing testimony relating to an armed robbery committed subsequent to the robbery with which appellant was charged, and by allowing a witness to testify about information placed with the National Crime Information Center concerning appellant.

1. Appellant robbed the front desk supervisor of the Century Inn motel on October 6, 1981. The State was allowed to present

evidence that appellant robbed the LaQuinta Motor Inn on October 14, 1981 by the same methods used in robbing the Century Inn. Appellant contends it was error to allow evidence of a similar offense committed subsequent to the offense with which appellant was charged.

Generally, evidence of independent crimes is inadmissible, even though it be a crime of the same sort, unless proof of the independent offense tends to prove the offense charged, and is relevant to show motive, plan, scheme, bent of mind, or course of conduct. *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). Pretermitting the issue of the subsequent crime's admissibility, any error in admitting such testimony was harmless because the evidence against appellant is overwhelming. Five eyewitnesses identified appellant positively as the person who robbed the Century Inn. Applying the standard for harmless error set out in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976), it can be fairly said it was highly probable that any erroneous admission of evidence of an independent crime did not contribute to the judgment in this case.

2. After several witnesses identified a photograph of appellant, the investigating officer obtained arrest warrants for appellant. When he could not be located, appellant's name was placed in the National Crime Information Center computer to alert law enforcement agencies that he was wanted in Georgia for armed robbery. Appellant contends it was error to permit such testimony because the jury could believe appellant was wanted for other crimes. This enumeration is without merit.

The officer's testimony related to the circumstances leading to appellant's arrest, and was material and relevant to the witness' explanation of his conduct in seeking and arresting appellant. *Cantrell v. State,* 154 Ga. App. 725 (1) (270 SE2d 12) (1980). Hence, there was no error.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1984.

*James W. Studdard,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.