## 69989. TAYLOR v. THE STATE.
(331 SE2d 920)

CARLEY, Judge.

Appellant appeals from his conviction of three counts of violating the Georgia Controlled Substances Act.

1. Appellant enumerates as error the admission into evidence of a hemostat. Appellant contends that there was no evidence to establish where the hemostat was found.

The hemostat was identified as such by a forensic chemist who tested some of the substances found in appellant's home. The chemist testified that he had received the hemostat, along with several tagged bags of evidence, from a specified law enforcement officer who was responsible for all of the items seized from appellant's residence when a search warrant was executed there. That officer had previously testified as to each of the items seized, and no hemostat had been mentioned. There was no other testimony regarding the origin of the hemostat, nor was there any evidence whatsoever to establish a connection between this hemostat, or even *a* hemostat, and appellant. Accordingly, we conclude that the hemostat was erroneously admitted. *Cunningham v. State*, 248 Ga. 835, 837 (4) (286 SE2d 427) (1982). However, in light of the overwhelming evidence against appellant, we find that it is highly probable that the erroneous admission of the hemostat did not contribute to the judgment. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976); *Durden v. State*, 169 Ga. App. 777, 778 (315 SE2d 291) (1984).

2. The forensic chemist, testifying as an expert witness, identified one of the substances seized from appellant's home as phencyclidine. Three tests had established the identity of the drug, one of which had

been performed by a person other than the witness. Appellant contends that the drug identification testimony was erroneously admitted because the expert witness based his opinion on a test performed by someone else.

" 'Generally, an expert cannot state his opinion based upon observations or reports which are not admitted in evidence. [Cits.] On the other hand, an expert can give an opinion based upon facts which he personally observes. [Cits.] And where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, upon the other's findings. [Cit.]' [Cit.]" *Cochran v. State*, 151 Ga. App. 478, 481 (260 SE2d 391) (1979).

In the instant case, the chemist's opinion that the substance was phencyclidine was based not only upon the results of a test performed by another person, but also upon the tests which the witness performed personally. His opinion testimony was properly admitted. *Cochran v. State*, supra. Compare *Evans v. DeKalb County Hosp. Auth.*, 154 Ga. App. 17, 18 (2) (267 SE2d 319) (1980), wherein the expert had observed none of the facts himself, and his opinion was based entirely upon reports and depositions which had not been admitted into evidence.

3. The forensic chemist testified after he had purportedly refreshed his memory by consulting his notes concerning the scientific tests performed by him. On cross-examination, the witness admitted that, even after reviewing his notes, he could not specifically remember the tests he performed in connection with this particular case, and that he relied on the information contained in his notes. After eliciting this testimony, defense counsel continued his examination of the chemist, asking questions which were unrelated to the scientific tests he had performed. The prosecutor then conducted redirect examination. After the witness was excused, defense counsel objected to his testimony on the ground that the chemist had no independent recollection of the relevant scientific tests, and that no foundation had been laid to establish that his notes were correct when written. Compare *Kelley v. State*, 169 Ga. App. 917, 919 (7) (315 SE2d 916) (1984). The objection was overruled, and appellant enumerates this ruling as error.

Where evidence was apparently "admissible when offered and later appears to be inadmissible the complaining party may prevent its inclusion in the evidence by making a motion to strike or rule it out at that time. [Cits.]" *Brown v. Techdata Corp.*, 238 Ga. 622, 628 (234 SE2d 787) (1977). However, "[a] mere subsequent objection to previously admitted inadmissible testimony is not the equivalent of a motion to strike or exclude evidence; and such an objection is properly overruled. [Cits.]" *Gunter v. Logue*, 138 Ga. App. 868, 870 (6)

(227 SE2d 773) (1976). See also *Fluker v. State*, 184 Ga. 809 (4) (193 SE 749) (1937); *Sullivan v. State*, 144 Ga. App. 256, 258-259 (2) (241 SE2d 42) (1977). There was no error.

4. Appellant next asserts that the trial court erred in admitting into evidence certain pills and capsules which had not been analyzed and which were not shown to be illegal. However, these items, which were seized during the search of appellant's residence, were admissible as a circumstance connected with appellant's arrest. See *Thompson v. State*, 168 Ga. App. 734, 735 (2) (310 SE2d 725) (1983); *Abrams v. State*, 164 Ga. App. 553, 554 (3) (297 SE2d 324) (1982); *Chitwood v. State*, 166 Ga. App. 62 (2) (303 SE2d 307) (1983).

5. Appellant enumerates error upon the trial court's instructions to the jury concerning the following principles: the presumption that an owner of premises possesses its contents; the manner in which that presumption may be rebutted; and the "equal access" rule. Appellant's contentions are substantially similar to those considered and rejected by this court in *Burdett v. State*, 159 Ga. App. 394 (2), 395 (3) (283 SE2d 622) (1981). See also *Knighton v. State*, 248 Ga. 199, 200 (fn.1) (282 SE2d 102) (1981); *Buckner v. State*, 163 Ga. App. 806, 807 (3) (295 SE2d 857) (1982). Upon a consideration of the charge in its entirety, we find no error.

6. During the course of its deliberations, the jury requested that the law regarding possession be restated. The trial court then repeated its previous instruction on actual and constructive possession, after which the jury indicated that the recharge was sufficient. Appellant asserts that the trial court erred in refusing to recharge the equal access doctrine.

"Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. [Cits.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cit.] . . . [In the case at bar,] [t]he jury asked for a charge upon a specific point and the jury was charged upon that point. The jury was specifically reminded to recall and apply all the other instructions of the court. This was sufficient to satisfy the requirements of the law." *Williams v. State*, 151 Ga. App. 765, 766 (261 SE2d 487) (1979). See also *Rhear v. State*, 171 Ga. App. 435, 437 (4) (319 SE2d 895) (1984); *Brown v. State*, 170 Ga. App. 398, 400 (4) (317 SE2d 207) (1984). Moreover, as previously noted, the trial court received an affirmative response to its inquiry as to whether the recharge sufficiently answered the jury's question. See *Collins v. State*, 170 Ga. App. 753, 758 (8), (9) (318 SE2d 492) (1984), aff'd sub nom. *Adcock v. State*, 253 Ga. 328 (322 SE2d 61) (1984). The trial court did not abuse its discretion by limiting its recharge to the specific point re-

quested by the jury.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1985.

*Christopher A. Townley*, for appellant.

*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.