70907, 70908. HOLLAND v. THE STATE (two cases).

(335 SE2d 739)

CARLEY, Judge.

Appellants, husband and wife, appeal from their convictions of two counts of violating the Georgia Controlled Substances Act.

1. Appellants first contend that the trial court erred in failing to direct a verdict of acquittal. The evidence disclosed that, upon a search of appellants' residence pursuant to a warrant, police officers discovered marijuana, methamphetamine, hydromorphone, drug paraphernalia, weapons, and a large quantity of phenylpropanolamine. Appellants were found guilty of possession of the marijuana and methamphetamine.

Appellants contend that the equal access rule requires a reversal of their convictions because the contraband was found on premises to which persons other than themselves had liberal access. The marijuana and methamphetamine were found in the master bedroom occupied by appellants. There was no evidence that anyone other than appellants had had actual access to the bedroom for a period of several weeks prior to the discovery of the drugs. Although the stepdaughter of appellant-husband testified that the drugs belonged to her and her husband, and that they had left them in appellants' bedroom, at the time of the search it had been more than a month since they had spent a few days in the room and a week since they had even lived in appellants' house. There was no evidence that anyone else had had access to appellants' bedroom. The equal access rule does not apply to these facts. See *Prescott v. State*, 164 Ga. App. 671 (297 SE2d 362) (1982). Compare *Smith v. State*, 156 Ga. App. 102 (273 SE2d 918) (1980); *Moreland v. State*, 133 Ga. App. 723 (212 SE2d 866) (1975).

It is true, as appellants note, that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. However, the term "hypothesis" refers to "such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else. . . . [Cit.]" *Hunter v. State*, 91 Ga. App. 136, 138 (85 SE2d 90) (1954). Under the facts discussed above, the jury was authorized to find appellants guilty of unlawful possession of marijuana and methamphetamine. See generally *Whitacre v. State*, 155 Ga. App. 359 (270 SE2d 894) (1980); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants enumerate as error the trial court's denial of their motion for a continuance. OCGA § 17-8-25 sets out the procedure

which must be followed to procure a continuance upon the ground of the absence of a witness. Because appellants made no proffer of what the testimony of the absent witness would have been, it was not error to deny their motion. See generally *Gibson v. State*, 158 Ga. App. 501 (2) (280 SE2d 900) (1981).

3. Appellants next assert that the trial court erred in permitting the display to the jury of certain weapons allegedly discovered in the search of appellants' home. Appellants made a motion in limine that the court prevent the display of these guns to the jury. The trial court stated that the motion was denied but also stated that it would rule on evidence as it was presented. Although no guns were subsequently offered into evidence, the State's witnesses identified a rifle and a pistol as having been found, respectively, between the mattress and box springs of appellants' bed and beneath the seat of a car in appellants' driveway. No objection was made to this testimony.

The trial court has discretion to hear a motion in limine prior to trial or to reserve ruling on the admissibility of evidence until it is offered during trial. *Wiggins v. State*, 249 Ga. 302, 303 (290 SE2d 427) (1982). If a motion in limine is denied prior to trial, no objection is necessary when the subject evidence is presented at trial to preserve the denial of the motion on appeal. *Gottschalk v. State*, 160 Ga. App. 769 (287 SE2d 107) (1982); *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285 (1) (260 SE2d 20) (1979). In the instant case it is not clear whether the court denied the motion or reserved its ruling. However, even if we were to assume that no further objection was required to preserve error, we find none. The transcript does not indicate how many guns there were or where they were displayed. It shows no effort on the part of the State to call attention to them or display them improperly before the jury. See *Ezzard v. State*, 155 Ga. App. 594, 595 (4) (271 SE2d 728) (1980). The two guns that were specifically identified by the State's witnesses were shown to have been seized at appellants' residence, and were relevant and would have been admissible as circumstances connected with appellants' arrest. See *Abrams v. State*, 164 Ga. App. 553, 554 (3) (297 SE2d 324) (1982); *Jimerson v. State*, 163 Ga. App. 54 (1) (293 SE2d 513) (1982). Accordingly, it was not error to permit their display to the jury.

4. Finally, appellants contend that the trial court erred in admitting into evidence a bag of phenylpropanolamine, a non-controlled substance in Georgia. Searchers found the substance hidden under a pool table in appellants' basement and a witness for the State testified that this drug acted similarly to methamphetamine, a controlled substance. Hence, the evidence was relevant and admissible to show such factors as knowledge, intent, motive, plan, scheme, bent of mind, or course of conduct. *Humphries v. State*, 154 Ga. App. 596 (2) (269 SE2d 90) (1980); *Hale v. State*, 159 Ga. App. 563 (1) (284 SE2d 68)

(1981). Furthermore, the phenylpropanolamine was admissible as a circumstance connected with appellants' arrest. See *Taylor v. State*, 174 Ga. App. 900, 902 (4) (321 SE2d 920) (1985).

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 4, 1985.

*Ralph W. Kearns, Jr.*, for appellants.

*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney*, for appellee.