## 73365. BLACK v. THE STATE.
### (353 SE2d 4)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which alleged his possession with intent to distribute "[p]hentermine, in violation of the Georgia Controlled Substances Act. . . ." The jury's verdict found appellant guilty of simple possession of the contraband. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the jury verdict.

Appellant enumerates only the general grounds, asserting that his conviction cannot stand under the "equal access" rule. The evidence adduced at trial showed that phentermine was discovered in two locations on the premises where appellant was conducting a truck-wash business. Two capsules of the contraband were found between the pages of a magazine in appellant's office. Approximately 850 capsules were found in an outside storage shed. From the verdict, it would appear that the jury believed appellant's "equal access" evidence as to the contraband in the storage shed, but not as to the contraband found in his office. A review of the evidence to determine whether the jury was authorized to make such a finding is governed by the principle that, "if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the [premises where it is found], then an issue is made for the jury. . . ." *Fears v. State*, 169 Ga. App. 172, 174 (312 SE2d 174) (1983). In the instant case, there was not only evidence that two capsules of phentermine were found in appellant's office where others *might* have had equal access, there was also evidence that appellant *admittedly* used his office as a hiding place for marijuana. This "evidence was relevant and admissible to show such factors as knowledge, intent, motive, plan, scheme, bent of mind, or course of conduct. [Cits.]" *Holland v. State*, 176 Ga. App. 343, 344 (4) (335 SE2d 739) (1985). Since there is evidence to the effect that it was appellant's "course of conduct" to secrete contraband in his office, the jury was authorized to find that the phentermine secreted there was his. "Where there is evidence other than 'equal access' connecting an accused to contraband, it is for the jury to determine guilt or innocence. [Cits.] Because there was evidence other than possession of the

[premises], this made an issue for the jury and it was not error for the court to" enter a judgment of conviction on the jury's verdict of guilt. *Fears v. State*, supra at 174.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 16, 1987 — 

*Frank B. Hester*, for appellant.
*Bruce L. Udolf, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.